WOLF, PENNELLA & STEVENS, LLP
Adam Pennella, SBN 246260
717 Washington Street, Second Floor
Oakland, CA 94607
(510) 451-4600 Telephone
(510) 451-3002 Facsimile
adam@wps-law.com

Counsel for Defendant
ETHAN MILES

## UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>ETHAN MILES,<br><br>            Defendant | Case No.: CR 11-471 DLJ<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>DATE: October 29, 2014<br>TIME: 10:00 A.m.<br>Honorable D. Lowell Jensen |

## INTRODUCTION

Defendant Ethan Miles respectfully submits this sentencing memorandum. Mr. Miles will be before the Court on October 29, 2014 for sentencing on his guilty plea to a single misdemeanor count of 18 U.S.C. § 1030 (a)(50(A), (c)(4)(G)(i) (intentional damage to a protected computer). At that time, Mr. Miles will request that the Court accept the terms of the plea agreement made pursuant to Rule of Criminal Procedure 11(c)(1)(C) and impose a three month sentence and order a $25 special assessment and restitution of $5,600.

//

## PLEA AGREEMENT

Ethan Miles pled guilty to one misdemeanor count pursuant to a plea agreement made under Rule 11(c)(1)(C). In that plea agreement, the parties agreed to an adjusted offense level of 8. For a Criminal History Category I (see Gov't Sentencing Memo, D.E. 748, p. 2:12-13), the corresponding Guidelines Range is 0-6 months.

The parties agreed to a potential sentencing range of between three and twelve months, and the government agreed that it would recommend a three month sentence if the defendant did not violate any of the terms of this plea agreement (which included not committing any crimes) and accepted responsibility for the offense. Mr. Miles kept his end of the bargain and, as such, the government is honoring its obligation. The parties therefore will jointly recommend a three month sentence, a $25 special assessment and restitution in the amount of $5,600.

## CONSIDERATIONS IN THIS CASE FOR THIS DEFENDANT

Ethan Miles is being sentenced for, and is one of only two defendants in this case that pled guilty to, a misdemeanor. His conduct occurred in 2011, at which point he was arrested, brought to federal court and released on bond. He has been on formal supervision through Pretrial Services for over three years.

Since this case began, Ethan has made significant progress in stabilizing his life. He has a history of mental health issues, stemming in part from frontal lobe damage sustained from numerous traumatic incidents. He has been previously diagnosed with an anxiety related disorder, and has been prescribed medication in the past. This case has only exacerbated his anxiety and he is very much looking forward to accepting and serving his sentence, and putting this situation behind him.

While on pretrial release, Ethan has undergone counseling and, in the past year especially, he has gotten a handle on managing his mental health without medication. He is more stable now than he has been in years. Ethan has been employed close to full time (and in a greater capacity than he has been in many years) since the beginning of 2014. He works for a landscaping company, doing landscaping, installing paving stones and setting up irrigation systems. This work not only provides a regular source of income, but also helps him stay busy,

active and physical, which assists with his anxiety issues.  He is hoping that his sentence does not disrupt his employment, as he feels that it is crucial to his well-being and mental health.  He thus asks this Court to order the least restrictive, and most flexible, manner in which to serve his custodial time such that he can maintain the closest semblance to his current life as possible.  He does not want, nor would it be productive, for the outcome of this case to derail the progress that he had made.

SENTENCING CONSIDERATIONS

In determining a reasonable and appropriate sentence, the Court must consider those factors set forth in 18 U.S.C. 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant.  While the Court must consider the Guidelines, they are only advisory and represent just one of the factors to be considered in determining a sentence that is sufficient, but not greater than necessary, to effect the purposes of federal sentencing.  (*U.S. v. Booker*, 543 U.S. 220, 244 (2005).).  The United States Supreme Court has thus restored significant sentencing discretion in the trial courts and made clear that <u>the Guidelines are neither presumed reasonable nor mandatory</u>.  (See *U.S. v. Gall*, 128 S.Ct 586 (2007); *Kimbrough v. U.S.*, 552 U.S. 85 (2007)(emphasis added).).  The District Court is thus not required to use a formulaic approach to produce a mathematical justification for a non-Guidelines sentence.  (*Gall*, 128 S.Ct at 596.).  Rather, it must exercise a "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors.  (*Rita v. United States*, 127 S.Ct. 2456, 2469 (2007).).  In short, the District Court's duty is to <u>impose the least amount of time necessary to achieve 3553(a)'s purposes</u>.  The Guidelines are subordinate to that duty.

In the instant case, Ethan is being sentenced for a misdemeanor.  The Guidelines range is 0-6 months, which is in Zone A of the sentencing table.  Pursuant to USSG § 5C1.1, a sentence in Zone A allows for alternative punishments, including intermittent confinement, community confinement or home detention.  See USSG 5C1.1(e).  While the plea agreement calls for a "sentence of… three months imprisonment," (See Plea Agreement, ¶ 8), there is no clear

definition of that phrase.  It is clear that a halfway house is considered an appropriate substitute;[1] under the Guidelines, there are alternatives for a custodial sentence that place restrictions a defendant's liberty, but are not "incarceration" in a jail or prison.  See USSG 5C1.1, approving of home confinement, halfway house or intermittent confinement.

      Mr. Miles does not want to lose his job.  He does not want to destabilize his life, especially when one of the greatest stressors that he has ever had to deal with—this case—is coming to a close after more than three years.  He has found a higher semblance of order and has been more productive recently than he has been in a while.  He leaves it to the Court to determine how the "sentence of imprisonment" should be served.  He simply asks for the least restrictive form of serving that sentence so that he can keep his job and minimize disruption.

## CONCLUSION

      For the foregoing reasons, as well as those to be presented at the sentencing hearing, Mr. Miles respectfully requests that the Court sentence him in accordance with the terms set forth in the plea agreement: a three month sentence, a $25 special assessment and restitution of $5,600.

Dated: October 24, 2014                Respectfully Submitted:

                                     _____/s/_____
                                     Adam Pennella
                                     Counsel for Ethan Miles

---

[1] See U.S. v. Tkabladze, 2003 U.S. Dist. Lexis 12946.